## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

NEVA D. ENGEL,                                    Case No. 1:13-cv-318
    Plaintiff,                                Beckwith, J.
                                                  Litkovitz, M.J.
    vs.

COMMISSIONER OF                                   **REPORT AND**
SOCIAL SECURITY,                                  **RECOMMENDATION**
    Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 24) and the Commissioner's response (Doc. 25).

On June 2, 2014, the Court reversed and remanded this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 18). On remand, the Commissioner determined that plaintiff was disabled. (*See* Doc. 24 at 12). Upon joint stipulation of the parties, the Court awarded plaintiff $5,000.00 in attorney fees and $419.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 21, 22). Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past due benefits—or $16,846.50—as a potential contingency fee to be awarded to plaintiff's counsel. (*See* Doc. 24 at 13). The Commissioner indicated that $6,000.00 of that amount was reserved for the attorney who represented plaintiff in proceedings before the agency. (*Id.* at 14). Plaintiff now seeks an award of the remaining $10,846.50 in attorney fees available under § 406(b) for work performed before the Court.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work

performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth

2

Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Plaintiff asserts the requested attorney fee is reasonable given attorney James Roy Williams's background, 39 years of experience, and standard hourly rate of $350.00 an hour. (Doc. 24 at 3). Plaintiff argues that a fee award of $10,846.50 for 30.5 hours of work is not a windfall because it results in an hourly rate of around $360.00. (*Id.*). Plaintiff indicates that if the Court grants the requested fee award under § 406(b)(1), counsel will refund to plaintiff the previous EAJA fee award of $5,000.00. (*Id.*).

The Commissioner responds that plaintiff's fee request for $10,846.50 for 30.5 hours of work represents a "reasonable" hourly rate of $355.62 per hour. (Doc. 25 at 1). The Commissioner requests that in awarding $10,846.50 in § 406(b) fees, the Court order counsel to refund to plaintiff the previous award of $5,000.00 in EAJA fees. (*Id.* at 2).

Here, the fee of $10,846.50 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In support of the Court's reasonableness inquiry, plaintiff has submitted a copy of the contingency fee agreement under which plaintiff agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 24 at 7). Plaintiff has also submitted itemized billing sheets

3

demonstrating that plaintiff's counsel performed a total of 30.5 hours of work on the case in this Court. (*Id.* at 5-6). Further, plaintiff has provided counsel's affidavit in which he asserts that his hourly rate for Social Security cases is $350.00 per hour "based on [his] background and experience and the office location in the downtown Cincinnati, Ohio area." (*Id.* at 9). Finally, plaintiff has submitted tables from the Ohio State Bar Association's "The Economics of Law Practice in Ohio in 2013," which show that: (1) the hourly billing rate in Ohio for Social Security practitioners ranged from $210.00 at the 25th percentile to $350.00 at the 95th percentile; (2) the hourly billing rate for a practitioner with more than 36 years of experience ranged from $200.00 at the 25th percentile to $450.00 at the 95th percentile; and (3) the hourly billing rate in downtown Cincinnati ranged from $200.00 at the 25th percentile to $455.00 at the 95th percentile. (*Id.* at 10-11).

Dividing the requested fee of $10,846.50 by the 30.5 hours counsel worked on this case before the Court produces an effective hourly rate of $355.62. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .

4

> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

The *Hayes* "floor" in this case is $21,350.00, which represents 30.5 hours times an hourly rate of $350.00 multiplied by 2.[1]  Plaintiff's requested fee of $10,846.50 falls under this amount. Thus, the requested fee does not constitute a windfall to plaintiff's counsel.  Moreover, counsel achieved an excellent result in this case.  Plaintiff represents that counsel will remit the EAJA fee of $5,000.00 awarded by the District Court to plaintiff upon receipt of the § 406(b) award as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 24 at 3).  In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $10,846.50 is reasonable for the work plaintiff's counsel performed in this Court.

The Court therefore **RECOMMENDS** that plaintiff's motion for an award of attorney fees under § 406(b) (Doc. 24) be **GRANTED** and counsel be **AWARDED $10,846.50** in attorney fees.

Date: _2/22/16_                                 _Karen L. Litkovitz_
                                                Karen L. Litkovitz
                                                United States Magistrate Judge

---

[1] Counsel for plaintiff attests that his hourly rate for work done on Social Security cases is $350.00.  *See* Doc. 24 at 9.

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NEVA D. ENGEL,
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-318
Beckwith, J.
Litkovitz, M.J.

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).